# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**STACEY RILEY, SR. #2398751**  CIVIL ACTION

**VERSUS**  NO. 15-0683

**MARLIN N. GUSMAN, SHERIFF,**  SECTION "F" (4)
**ET AL.**

## ORDER AND REASONS

The plaintiff, Stacey Riley, Sr. ("Riley"), submitted a complaint pursuant to 42 U.S.C. § 1983 for which he seeks leave to proceed *in forma pauperis*. However, the plaintiff did not provide the Court with the inmate account certification required by law and which is necessary to properly consider his eligibility to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(2). The "Detainee Transaction History" submitted with the complaint does not provide the information required by law and is insufficient to act as an institutional equivalent. Riley was provided notice of this deficiency by the Clerk of Court on March 6, 2015.[1]

By letter filed April 2, 2015 (Rec. Doc. No. 4), Riley advised the Court that he had been unable, despite several requests to prison officials, to obtain a certified statement of his account from officials at the Orleans Parish Prison. He asks the Court to assist him in obtaining the necessary information so that he may prosecute his complaint.

In accordance with the mandates of 28 U.S.C. § 1915(a)(2), prison authorities are required to assist in the certification process as the custodian of inmate funds. The Court therefore construes Riley's letter as a motion to compel prison officials to provide the necessary certification. Accordingly,

---

[1] Rec. Doc. No. 3.

**IT IS ORDERED** that Riley's **Motion to Compel Prison Officials (Rec. Doc. No. 4)** is **GRANTED**, and the Court's ruling on plaintiff's pauper application is **DEFERRED** until the certification is received from prison officials pursuant to this Order or from Riley.

**IT IS FURTHER ORDERED** that, **on or before April 29, 2015**, Orleans Parish Sheriff Marlin N. Gusman or his designee **SHALL** provide the Court with a certified copy of the trust fund account (or institutional equivalent) for the inmate, **Stacey Riley, Sr., #2398751**, which shall include the current balance on hand **and** a calculation of the prior 6-months average deposits and the prior 6-months average balance for the inmate's account(s) in accordance with 28 U.S.C. § 1915(a)(2). The certification **shall** be **in writing** and mailed to **Clerk of Court, Pro Se Unit, 500 Poydras Street, Room C-151, New Orleans, Louisiana, 70130**. The Sheriff is advised that the failure to timely comply with this order may result in the institution of contempt proceedings.

New Orleans, Louisiana, this __8th__ day of April, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

**CLERK TO NOTIFY PLAINTIFF AND:**

**Pro Se Unit**

**Orleans Parish Sheriff Marlin N. Gusman**
**2800 Gravier Street**
**New Orleans, LA  70119**

**CLERK TO SEND COPIES TO ATTORNEYS:**
**Timothy R. Richardson at trichardson@uwmlaw.com**
**Charlin S. Fisher at cfisher@uwmlaw.com**
**Freeman Rudolph Matthews at pmatthews@uwmlaw.com**